IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DUSTIN MITCHELL, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 3:19-cv-01127-S (BT) |
| | § | |
| FNU CALVIN et al., | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Dustin Mitchell, a state prisoner proceeding *in forma pauperis*, filed a *pro se* civil action alleging violations of his federal civil rights under 42 U.S.C. § 1983. For the following reasons, the Court should dismiss Plaintiff's claims.

I.

In his complaint, Plaintiff alleges that he was incarcerated in the Hutchins State Jail when his due process rights were violated. He names Captain Calvin, Warden Polk, Assistant Warden Pitman, Major Coger, Grievance Investigator Scott-Burger, Grievance Investigator Cauley, Lieutenant Brown, and Laundry Manager Dietra Hamilton as defendants. The Court has not issued process pending judicial screening.

Plaintiff claims Laundry Manager Dietra Hamilton used a slur against him that referred to his sexual orientation. He states he told Hamilton that if she said the slur again, he would file a sexual harassment complaint against her. He claims

1

Hamilton retaliated against him by filing a false assault charge against him. He was found guilty of the assault charge in a disciplinary proceeding, which resulted in the loss of recreation time, commissary privileges, contact visits, and good-time credits. Plaintiff filed a grievance against Hamilton and challenged the disciplinary proceeding. He claims: Defendant Cauley failed to properly represent him during the grievance process because Cauley failed to interview witnesses; Warden Polk and Assistant Warden Pitman failed to act on information that Plaintiff's rights were being violated; and Major Coger, Investigator Scott-Burger, and Captain Calvin failed to ensure that Plaintiff's due process rights were not violated. Plaintiff seeks a declaratory judgment that Defendants violated his constitutional rights, an injunction to vacate and expunge his disciplinary case, and money damages.

II.

Plaintiff's complaint is subject to preliminary screening under 28 U.S.C. § 1915A. That section provides in pertinent part:

> The court shall review . . . as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity [and] [o]n review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from suit.

28 U.S.C. § 1915A(a) and (b).

Also, under 28 U.S.C. § 1915(e), a district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes the action is: (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). To state a claim upon which relief may be granted, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face[,]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level[.]" *Id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.*" Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

### III.

Plaintiff's claims challenging his disciplinary case are barred under the Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the Court stated:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, [footnote omitted] a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question be a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

3

*Id.* at 486-87. *Heck* also bars claims for declaratory or injunctive relief if a favorable judgment would "necessarily imply" the invalidity of the prisoner's conviction. *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005). Here, a ruling in Plaintiff's favor on the claims pleaded would necessarily imply the invalidity of the decision in Plaintiff's disciplinary case. Plaintiff, however, has failed to show the decision in his disciplinary case has been reversed or declared invalid. Plaintiff's claims therefore should be dismissed until he can show he satisfies the conditions set forth in *Heck*.

Plaintiff also argues the prison grievance process was inadequate. An inmate, however, does not have a constitutional entitlement to an adequate grievance investigation. *See Geiger v. Jowers*, 404 F.3d 371, 373-74 (5th Cir. 2005) (finding prisoners have no due process right to a grievance investigation); *Hill v. Walker*, 718 F. App'x 243, 250 (5th Cir. 2018) (stating § 1983 due process claim alleging failure to investigate grievances is indisputably meritless). Finally, Plaintiff claims Defendants violated prison regulations during his disciplinary and grievance cases. A violation of prison regulations, however, does not state a claim under § 1983. *See id.* (stating a prison official's failure to follow the prison's own regulations does not amount to a constitutional violation) (citations omitted). These claims should be dismissed.

IV.

Plaintiff's claims challenging his disciplinary case should be dismissed with prejudice until the *Heck v. Humphrey*, 512 U.S. 477 (1994) conditions are met and Plaintiff's remaining claims should be dismissed as frivolous.

Signed June 12, 2019.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).